UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES JOSEPH PLATTE JR. #285651,  )
)
              Petitioner,  )     Case No. 2:08-cv-251
)
v.  )     HON. R. ALLAN EDGAR
)
JEFF WOODS,  )
)     **OPINION**
              Respondent.  )
_____)

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.[1]  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

---

[1]Petitioner claims that he is filing this action pursuant to 28 U.S.C. § 2241.  However, Petitioner is challenging the validity of his state court convictions.  Therefore, this case is properly analyzed as being filed pursuant to 28 U.S.C. § 2254.  *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).

**Discussion**

I.      Factual allegations

Petitioner is presently incarcerated with the Michigan Department of Corrections ("MDOC") and housed at the Kinross Correctional Facility in Kincheloe, Michigan.  According to the MDOC's offender tracking system (OTIS), Petitioner was sentenced to concurrent sentences of two terms of 2 years 10 months to 15 years imprisonment, one term of 1 year 11 months to14 years imprisonment, three terms of 1 year 10 months to 14 years imprisonment, one term of 1 year 5 months to 4 years imprisonment, and one term of 4 to 15 years imprisonment on July 11, 2007, following a jury trial.  Petitioner's convictions included possession of controlled substances, uttering and publishing, forgery, larceny in a building, and breaking and entering with intent.  *See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=285651.

Petitioner states that he did not exhaust his state court remedies, but contends that he should not be required to exhaust his state court remedies because such remedies would be ineffective.   It appears from the Michigan Court of Appeals electronic docketing system, http://coa.courts.mi.gov/resources/asp/viewparties.asp?ptyname=Platte+James+J&f_AllCases=on, that Petitioner did file a direct appeal in the Michigan Court of Appeals, which was denied on July 2, 2008.  *See Michigan v. Platte, Jr.,* Michigan Court of Appeals No. 282046.  Petitioner also filed an appeal in the Michigan Supreme Court, which continues to be pending.  *See Michigan v. Platte, Jr.,* Michigan Supreme Court No. 137011.

II.      Failure to exhaust available state-court remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). In this case, Petitioner continues to have a pending appeal in the Michigan Supreme Court. Therefore, Petitioner has not yet exhausted his state court remedies. It is still possible that Petitioner will obtain relief from the Michigan Supreme Court. If Petitioner does not obtain such relief, he may then file a habeas corpus petition in this court by using the form for a petition filed pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.   The Michigan Supreme Court has not yet denied his application so that the statute of limitations has not yet begun to run in this case.

A properly filed application for state postconviction review or other state collateral review tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2).  A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review.  *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).  It also is considered pending during the period in which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition actually was filed.  *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*).

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[2] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  The instant case does not present a mixed petition because none of Petitioner's claims are exhausted.  It is unclear whether *Palmer* applies to a "non-mixed" petition.  Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul

---

[2]A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

of the statute of limitations so long as he diligently pursues his state court remedies.  Therefore, a

stay of these proceedings is not warranted.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application

pursuant to Rule 4 because he has failed to exhaust state court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of

appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly

unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit

that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v.

Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865

F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas

action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir.

1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of

a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district

- 5 -

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

> This Court denied Petitioner's application on the procedural ground of lack of exhaustion.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

> A Judgment consistent with this Opinion will be entered.


Dated:    10/30/08                                         */s/ R. Allan Edgar*
                                                       R. ALLAN EDGAR
                                                       UNITED STATES DISTRICT JUDGE